Frost, J.
delivered the opinion of the Court.
The rule that a wife is incompetent to testify for or against her husband, is not confined to suits in which he is party to the record. She cannot, without the consent of her husband, be a witness in any case in which he cannot be compelled to testify, and in which his rights, though not a party to the record, would be concluded by the verdict. If the husband be not a party, he would be competent to testify against his interest; and if he consented, would be received as a witness. His wife would be equally competent, if he did not object. jf tqe interest of the husband would not protect' him from ex-animation, it seems his wife might be required to testify, though the effect of her testimony would be to charge him.But one who is substantially a party to the record cannot be *141 compelled to testify, though he be not nominally a party. A rated inhabitant of a Parish is regarded as a party to an ap-1 peal for an order for the settlement of a pauper, though the nominal parties are the church wardens and overseers of the poor, and cannot be compelled to testify against his interest. The cestui que use of a party cannot be compelled to testify. In an action on a note, payable to bearer, brought for the use of the holder, the latter refused to testify as a witness for the defendant, and the objection was supported. And so the partner of the nominal plaintiff, interested in the recovery, objecting to be sworn against his interest, cannot be compelled. '
tanits^of"Wo-bum, 10 East, 394-
s^tlTvCow 174.
Appleton v. Boyd|JgMas3,
As Mims could not be required to testify, so his wife could not be a witness, if he objected. But this he has not capacity to do. His trustee objects for him, and the Court will protect this imbecility by sustaining the objection.
The motion is refused.
The whole Court concurred.

Motion refused.